366 KINDERKAMACK ROAD
WESTWOOD, NEW JERSEY 07675
201.664.8855
FAX: 201.666.8589
www.denbeauxlaw.com

**DENBEAUX**
**&DENBEAUX**
ATTORNEYS AT LAW

Marcia W. Denbeaux
Joshua W. Denbeaux
Adam Deutsch*
Nicholas A. Stratton*
Richard Jared Stepp
Nima Ashtyani**
Of Counsel
Abigail D. Kahl
Mark P. Denbeaux*
*Admitted in NJ and NY
**Admitted in NJ, NY, and CA

December 16, 2016

Honorable Michael A. Hammer, U.S.M.J.
District Court of New Jersey
Martin Luther King Jr. Building & US Courthouse
50 Walnut Street
Newark, NJ 07601

RE:  Dattilio v. Wells
     Civil Action No.: 2:15-cv-08510-MCA-MAH

Dear Judge Hammer:

This office represents Defendant Joanne Wells. As Your Honor is aware, there is a settlement conference scheduled for December 19, 2016.

There are two issues open between the parties. The first is the additional discovery that Plaintiff wishes to obtain from Ms. Wells' ex-husband, who is now serving prison time for his conduct in connection with his business relationship with the Plaintiff.

Ms. Wells has produced all of her requested financial information and has voluntarily answered an Information Subpoena and provided a recent appraisal of the value of her home. Short of a deposition, there is no more information for Ms. Wells to provide.

The second issue is that there is a *lis pendens* filed against the property by the Plaintiff. The Plaintiff did not seek permission to file the *lis pendens* against property at least in part owned by Ms. Wells, who is not a judgment debtor to the Plaintiff.

Ms. Wells has need to refinance the property for the sole purpose of reducing her monthly housing cost. She is neither taking out a penny nor increasing the amount of the obligation against the home by this refinance. She has everything all lined up to do the deal and save several hundreds of dollars per month but for the *lis pendens* on the property and the judgment against her former husband.

1

As part of the conversation this date between Plaintiff's counsel and myself, Plaintiff's counsel requested an adjournment of the settlement conference inasmuch as he has yet to receive financial information from Mr. Wells and his business. If that were the only issue at settlement, we would immediately consent to the request.

However, in response to the request to work with Ms. Wells to allow her to refinance the property, Plaintiff refused to work with the undersigned to allow the refinance to go through. That refinance is crucial to settlement.

If the Court has the time to schedule a telephone conference on the issue, it would be much appreciated. While I agree that a full settlement is not likely to happen with the Plaintiff receiving the financial information from Mr. Wells, the refusal to work with the undersigned to allow the refinance to go through is bad faith and will cause untold difficulties in actually reaching a settlement in the case.

Respectfully submitted,

DENBEAUX & DENBEAUX

By: Joshua W. Denbeaux

JWD:ve

Cc: Gregory Smith
    Joanne Wells